DOWLER ET AL., APPELLANTS, *v.* STUTLER ET AL.; CREDITHRIFT
OF AMERICA, INC. NO. 7 ET AL., APPELLEES.

[Cite as *Dowler v. Stutler* (1992), 64 Ohio St.3d 1203.]

(No. 91–1663—Submitted May 20, 1992—Decided July 1, 1992.)

---

*Mollica, Gall, Sloan & Sillery Co., L.P.A., Robert J. Gall* and *Cherie H. Gall,* for appellants.

*Ronald R. Calhoun,* for appellee Credithrift of America, Inc. No. 7.

*Fultz & Warner, Bernard V. Fultz* and *Linda R. Warner,* for appellee Home National Bank.

---

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I disagree with the majority in determining that this case was improvidently allowed. In addition to having a basic philosophic concern with the "improvidently allowed" rule, I believe that this case should be affirmed, and that this court in such affirmance should adopt Judge Earl Stephenson's basic reasoning as found in his concurrence.

Judge Stephenson concluded that a mortgagor may convey a valid mortgage interest in property even though the mortgage is executed five days prior to the execution and filing of the warranty deed conveying that property to the mortgagor. Judge Stephenson's conclusion was based upon the fact that the only evidence of the date of delivery of the mortgage deed to the mortgagee was the date of the recording of the mortgage. It was pointed out that the recording of the mortgage is *prima facie* evidence, and can take the place of a more formal delivery and, in that this delivery evidenced by the recordation was subsequent to the date of the execution and filing of the warranty deed to the subject property, the mortgagor had legal title in the subject premises

when the mortgage interest was conveyed to the mortgagee. For this reason, I dissent.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.